|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |

**GEORGE ARTHUR,**

        Plaintiff,

   v.

**FIKES,** *et al.,*

        Defendants.

3:12-cv-00233-LRH-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

August 20, 2012

    This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a temporary restraining order and preliminary injunction (#12, #13).[1] Defendants opposed (#19) and plaintiff replied (#22). The court held a hearing regarding plaintiff's motion for a temporary restraining order on August 10, 2012 (#23). After a thorough review of the record, the court recommends that plaintiff's motion for a temporary restraining order and preliminary injunction (#12, #13) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff George Arthur ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#7). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment Rights. *Id*. Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted the following claims to proceed: (1) counts I and II Eighth Amendment deliberate indifference to safety claims against defendants Fikes, Smith, Bryne, Brooks, and Baker (#6).

    In counts I and II, plaintiff alleges that defendant Fikes claimed that he received an emergency grievance from plaintiff in February 2011, in which plaintiff complained that he and his

---

[1] Refers to the court's docket number. Docket numbers 12 are 13 are identical.

cellmate were having problems (#7, p. 3). Plaintiff claims that he never wrote this grievance and that as a result of defendant Fikes's actions, inmates have labeled plaintiff a snitch. *Id*. Defendant caseworker Smith confirmed that the charges related to the alleged emergency grievance have been dismissed. *Id*. at 5. However, plaintiff asked Smith to note that there was never an emergency grievance and defendant Smith refused to do so. *Id*.

Plaintiff claims that other inmates assaulted him and told him they would stab him because he was a snitch. *Id*. After this incident, defendant Chambliss became plaintiff's caseworker and told plaintiff that he would place plaintiff in a double-cell for his safety. *Id*. at 11. However, on July 8, 2011, plaintiff received a classification notice from defendants Brooks and Baker that apparently notified him that a review of plaintiff's fear for his safety would be deferred for thirty days and directing that he return to the general population. *Id*. About two months later, defendant Smith allegedly double-celled plaintiff with an inmate. *Id*. In January 2012, mental health services told plaintiff that he had developed a psychosis due to the stress of threats by other inmates. *Id*. In February 2012, defendant Smith placed plaintiff in administrative segregation because plaintiff did not want to be placed in a cell with another inmate. *Id*. at 11-12.

In April 2012, an inmate told plaintiff to be careful because inmates were looking for him because he is a snitch. *Id*. Plaintiff had a full classification hearing with defendants Smith and Bryne during which he attempted to place inmates on his enemy list but they refused. *Id*. In counts I and II, plaintiff states claims for deliberate indifference to serious threats to his safety against defendants Fikes, Smith, Bryne, Brooks, and Baker (#6).

Plaintiff filed the present motion for injunctive relief on June 27, 2012 (#12, #13).[2] In his motion, plaintiff alleges facts similar to those alleged in his complaint. *Id*. He states that defendant Fikes falsely stated that plaintiff filed an emergency grievance regarding his cellmate. *Id*. at 2. Plaintiff states that he is now in "imminent danger of serious physical injury." *Id*. Plaintiff seeks an order enjoining defendants from "Harassment, Threats, Retaliation, Being my caseworker, Not to be escorted, Not to subject me to any type of violence against me, Not to place me with other

---

[2] The court held a hearing regarding plaintiff's motion on August 10, 2012 (#23).

inmates as cellies [sic], not to place me near enemies, not to inflict any more cruel and unusual punishment against me." *Id*. at 1.

Defendants oppose plaintiff's motion and argue that plaintiff has not established that he is likely to succeed on the merits of his Eighth Amendment claim (#19, p. 4). Defendants further assert that plaintiff fails to show he is likely to suffer irreparable harm. *Id*. at 5-6. Finally, defendants state that plaintiff has not met his burden of showing that the balance of hardships tips in his favor or that an injunction is in the public interest. *Id*. at 6. Defendants attach plaintiff's offender information summary, his offender movement history report, and defendant Bryne's declaration. *Id.* at Exs. A, B, C.

Plaintiff replies and argues that defendants' opposition is untimely (#22, p. 1).[3] Plaintiff states that the mental health department issued plaintiff single-cell status; however, the "authorities continue to try and get [plaintiff] reclassified." *Id*. at 2. Plaintiff contends that he has met his burden with regard to the requirements for preliminary injunctive relief. *Id*. at 3-4. Plaintiff includes in his reply a claim that he is being retaliated against due to his instant civil rights lawsuit. *Id*. at 5.[4] Plaintiff includes classification result notices, a notice of charges, and kites he submitted to ESP (#22, Exs. A, B).

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

**1.   Temporary Restraining Order Legal Standard**

A temporary restraining order is available when the applicant may suffer irreparable injury

---

[3] The court notes that defendants' opposition is timely because the court granted defendants' motion to extend time to respond to plaintiff's motion for a preliminary injunction (#17).

[4] The court only considers claims in plaintiff's complaint which the court permitted to proceed upon screening.

3

1  before the court can hear the application for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); 11A
2  Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951
3  (3d. 1998). Requests for temporary restraining orders are governed by the same general standards
4  that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox
5  Co.*, 434 U.S. 1345, 1347 n. 2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*,
6  650 F.2d 1004, 1008 (9th Cir. 1981).

7        A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as
8  of right. *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted). Instead,
9  in every case, the court "must balance the competing claims of injury and must consider the effect
10 on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources
11 Defense Council, Inc.*, 555 U.S. 7, 17 (2008) (citation and quotation omitted). The instant motion
12 requires the court to determine whether plaintiff has established the following: (1) he is likely to
13 succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief;
14 (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*,
15 555 U.S. at 17 (citation omitted).

16       Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for
17 issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one
18 factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d. 1045, 1049-
19 50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*,
20 the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale
21 approach to preliminary injunctions. *See Winter*, 555 U.S. 7 at 51 (Ginsburg, J., dissenting)
22 ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief
23 based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has
24 never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d.
25 at 1131. In light of the *Winter* decision, however, the Ninth Circuit determined that the Circuit's
26 sliding-scale approach, or "serious questions" test "survives . . . when applied as part of the four-
27 element *Winter* test." *Alliance*, 632 F.3d. at 1131-32. "In other words, 'serious questions going to
28 the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an

1  injunction, assuming the other two elements of the *Winter* test are also met." *Id*. The portion of the
2  sliding-scale test that allowed injunctive relief upon the possibility, as opposed to the likelihood, of
3  irreparable injury to the plaintiff, was expressly overruled by *Winter*. *Stormans, Inc. v. Selecky*, 586
4  F.3d 1109, 1127 (9th Cir. 2009).

5        An even more stringent standard is applied where mandatory, as opposed to prohibitory
6  preliminary relief is sought. The Ninth Circuit has noted that although the same general principles
7  inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well
8  beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing
9  a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.
10 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and
11 the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson*
12 *v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction
13 will not issue. *Id*.

14       Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must
15 satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

16     Preliminary injunctive relief must be narrowly drawn, extend no further than
necessary to correct the harm the court finds requires preliminary relief, and
17     be the least intrusive means necessary to correct that harm. The court shall
give substantial weight to any adverse impact on public safety or the
18     operation of a criminal justice system caused by the preliminary relief and
shall respect the principles of comity set out in paragraph (1)(B) in tailoring
19     any preliminary relief.

20 18 U.S.C. § 3626(a)(2). Thus, Section 3626(a)(2) limits the court's power to grant preliminary
21 injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th
22 Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of
23 federal courts and to protect the bargaining power of prison administrators – no longer may courts
24 grant or approve relief that binds prison administrators to do more than the constitutional
25 minimum." *Id.* at 999.

26 **B.    Analysis - Eighth Amendment Deliberate Indifference**

27       Plaintiff seeks an order enjoining defendants from "Harassment, Threats, Retaliation, Being
28 my caseworker, Not to be escorted, Not to subject me to any type of violence against me, Not to

1  place me with other inmates as cellies [sic], not to place me near enemies, not to inflict any more
2  cruel and unusual punishment against me" (#12, #13, p. 1).  However, the sole claim in his
3  complaint is an Eighth Amendment claim related to a failure to protect plaintiff from other inmates
4  (#7).  Plaintiff's request for an injunction from harassment, threats, retaliation, or violence from
5  defendants is not related to the underlying complaint.[5]  The Supreme Court has held that a
6  preliminary injunction is appropriate to grant relief of the "same character as that which may be
7  granted finally."  *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945).  A court need not
8  consider claims that were not raised in the complaint.  *McMichael v. Napa County*, 709 F.2d 1268,
9  1273 n.4 (9th Cir. 1983).  Further, plaintiff does not elaborate on these issues in his motion.

10  Plaintiff's complaint focuses on an alleged false grievance which has allegedly jeopardized
11  his safety at ESP.  The court considers plaintiff's request that the court enjoin defendants from
12  placing plaintiff in a double-cell as it is directly related to the claims in his operative complaint.

13  **1.  Likelihood of success on the merits**

14  To succeed on the merits of his claims under the Eighth Amendment, plaintiff must show
15  that defendants acted with deliberate indifference to his safety.  Prison officials have a duty to take
16  reasonable steps to protect inmates from physical abuse.  *Farmer v. Brennan*, 511 U.S. 825, 833
17  (1994).  To establish a violation of this duty, the prisoner must establish that prison officials were
18  "deliberately indifferent to a serious threat to the inmate's safety."  *Id.* at 834.  The failure of prison
19  officials to protect inmates from attacks by other inmates may rise to the level of an Eighth
20  Amendment violation when: (1) the deprivation alleged is "objectively, sufficiently serious," and
21  (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate
22  indifference.  *Id.* at 834; *see also Wallis* v. *Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995).  Thus,
23  "there is both an objective and subjective component to an actionable Eighth Amendment
24  violation."  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

25  The objective standard requires that "the deprivation alleged must be 'sufficiently serious.'"
26  *Id.* at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  The subjective standard of

27
28      [5]  While plaintiff may believe that defendants have failed to protect him from other inmates, his complaint does not state claims such as retaliation, harassment, or violence from defendants.

6

1 deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or
2 safety." *Farmer*, 511 U.S. at 835 (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The
3 requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or
4 knowledge at the other." *Id*. at 836.  Mere negligence on the part of prison staff is not sufficient to
5 prove deliberate indifference.  *Id*.  Allegations that prison officials called a prisoner a "snitch" in
6 the presence of other inmates can state a claim for deliberate indifference to an inmate's safety;
7 however, plaintiff does not allege this. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th
8 Cir. 1989).

9       Here, plaintiff has not shown that defendant Fikes falsified an emergency grievance which
10 resulted in plaintiff's being labeled a snitch.  Nor has plaintiff submitted any factual evidence with
11 his motion for the court to conclude that defendants were deliberately indifferent to plaintiff's
12 safety.  In fact, plaintiff's offender information summary reveals that the prison routinely reviews
13 his classification status and has classified him as a single-cell inmate since February 2012 (#19, Ex.
14 A, p. 3).  The kite which plaintiff attaches to his reply also confirms that plaintiff is classified as a
15 single-cell inmate and that he "will not be celled with anyone" (#22, Ex. A, p. 13).  As to plaintiff's
16 claim that defendants Bryne and Smith refused to add enemies to his enemy list, the evidence
17 defendants provide shows that plaintiff did not cooperate with defendants regarding his enemy list.
18 Defendants asked plaintiff for information as to why he requests certain inmates be added to his list
19 and plaintiff refused to provide them with further information.  *Id*. at 4.  Plaintiff has not met his
20 burden of demonstrating that he is likely to succeed on the merits of his claim.

21       **2. Likelihood of Irreparable Harm**

22       "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to
23 demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at
24 8. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent
25 with our characterization of injunctive relief as an extraordinary remedy that may only be awarded
26 upon a clear showing that the plaintiff is entitled to such relief."  *Id.* (quoting *Mazurek v.
27 Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  Courts generally look at the immediacy of the
28 threatened injury in determining whether to grant preliminary injunctions." *Privitera v. Cal. Bd.*

1 *of Med. Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991).

2       Plaintiff alleges defendants' conduct which forms the basis for the instant motion occurred in February 2011, June 2011, and August 2011 (#7). However, he did not file his complaint until April 26, 2012. *Id*. Further, plaintiff did not file the instant motion until June 27, 2012 (#12, #13). It is unlikely that plaintiff will suffer irreparable harm as the conduct he complains of occurred over a year ago.

      Plaintiff alleges that defendants refused to add enemies to his enemy list. However, defendants submit plaintiff's offender information summary which shows that plaintiff refused to explain his reason for adding certain inmates to his enemy list. *Id*. at 4. Thus, if plaintiff considered certain inmates as an imminent danger to him, he should have cooperated with the requirements at his classification meeting and provided the necessary information to defendants.

      Finally, plaintiff has been placed in a single-cell since February 2012. *Id*. at 3-4. Plaintiff continues to refuse double-cell placement and has been classified by mental health staff as a single-cell inmate. Plaintiff receives routine classification hearings to review his classification status and there is no evidence of irreparable harm if the court does not issue the requested injunctive relief at this time.

### 3. Balance of Hardships and Public Interest

For the reasons discussed, plaintiff's motion does not warrant interference with NDOC's internal policies and regulations. Further, plaintiff fails to discuss these requirements in his motion. Therefore, the balance of equities does not favor issuance of an injunction. Nor is the public interest served by issuance of an injunction which would interfere with the regulations and policies at ESP. Plaintiff's classification is a security concern and the court is not in a position to decide security decisions in prisons. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that the courts should not subject security-related judgments of prison officials to strict scrutiny).

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for a temporary restraining order and preliminary injunctive relief (#12, #13) be **DENIED**. The parties are advised:

8

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for temporary restraining order and preliminary injunctive relief (#12, #13) be **DENIED**.

**DATED:** August 20, 2012.

*[signature: Valerie P. Cooke]*

_____
**UNITED STATES MAGISTRATE JUDGE**